IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

vs.                                                                 5:05cr16/MCR
                                                                5:07cv14/MCR/MD

KEVIN MATTHEW KNIGHT

## REPORT AND RECOMMENDATION

This matter is before the court upon an amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 (doc. 29). The government has filed a response (doc. 34) and the defendant has filed a reply (doc. 39). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that defendant has not raised any issue requiring an evidentiary hearing, Rules Governing Section 2255 Cases 8(a) and (b), and that the motion should be denied.

**I. BACKGROUND**

Defendant was charged in a two count indictment with offenses relating to the theft or conversion to his own use of a 1982 Ward '79 Limited firefighting truck owned by the United States. Count one charged him with theft of the truck in violation of 18 U.S.C. § 641 and count two charged him with making a materially false statement in a matter with the jurisdiction of the United States Department of the Navy with the intent of converting the truck to his own use in violation of 18 U.S.C. § 1000(a). (Doc. 1). Defendant was represented by Charles Lammer of the Office of the Federal Public Defender.

Defendant signed a written plea agreement on November 4, 2005, pursuant to which he agree to plead guilty to count one of the indictment. (Doc. 19). The agreement provided that he faced a maximum term of ten years imprisonment, a $250,000 fine, a three year term of supervised release and a $100 special monetary assessment. (Doc. 19 at 1). He agreed to pay the special monetary assessment on or before the date of sentencing, and to make restitution in the amount of $5,000 to the volunteer fire department that had purchased the truck from him. (Doc. 19 at 1-2). The plea agreement provided that the sentence to be imposed was within the discretion of the district court, and that any prediction of the sentence which might be imposed was not a guarantee or a binding promise. The factual summary in support of the guilty plea was set forth in a separate document. (Doc. 20).

The PSR reflected that defendant's base offense level was 10, and he was credited with a two-level downward adjustment for acceptance of responsibility, for a total offense level of 8. His criminal history category was VI. The applicable advisory guidelines range was 18 to 24 months. Defense counsel argued for leniency because defendant's prior criminal history did not include violent or controlled substance offenses. He was sentenced to a term of 21 months imprisonment that the court specifically stated was to run consecutive to his state sentence[1] due to his extensive prior criminal history. Count two of the indictment was dismissed upon motion of the government, and defendant did not appeal.

The instant § 2255 motion separates defendant's claims into four grounds for relief. First, defendant states that he seeks a reprieve from the end of his state sentence and the beginning of his federal sentence. He next claims that the prosecutor made false statements at sentencing that led to the imposition of a consecutive sentence, and that he was not afforded the privilege of self-surrender due to his state sentence. His final ground for relief appears to be that counsel should have tried to obtain the reprieve for him or

---

[1]At the time of sentencing, counsel indicated that defendant was serving a 42 month sentence for violation of probation in the State of Florida with approximately 30 months left to serve. (Doc. 35 at 3). The DOC website indicates a current release date of August 13, 2008. http://www.dc.state.fl.us/ActiveInmates/detail.asp?Bookmark=2&From=list&SessionID=559644674

objected to the prosecution's false statements, although he insists in his reply that he is not faulting counsel's performance. The government opposes the motion.

## II. LEGAL ANALYSIS

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999).

Defendant's request for a "reprieve" from his sentence, or a gap between his state and federal sentence so that he may take care of personal business including financial obligations and visiting elderly relatives, does not fall within the parameters which would entitle him to relief pursuant to § 2255. If he wished to challenge the sentence imposed, the proper means for doing so would have been to file a direct appeal. A motion to vacate under § 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. *See Bousley v. United States,* 118 S.Ct. 1604, 1610 (1998); *United States v. Lynn*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citing *United States v. Frady*, 556 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982)). Defendant has offered no legal basis for the court to reconsider his sentence in this forum.

Defendant next appears to contend that the prosecutor engaged in misconduct by falsely claiming at sentencing that defendant had 29 prior felony convictions in order to defeat defendant's request that his state and federal sentences run concurrently. The record does not support defendant's assertion. The comments of AUSA Goldberg at sentencing were limited to stating that the government "would also like to note that this is [defendant's] fifteenth conviction, and that should be certainly considered in totem with the rest of the presentence report." (Doc. 35 at 5). This is neither an erroneous assertion of

the number of felony convictions defendant had nor a recommendation of a specific sentence, and it does not amount to a breach of the plea agreement. Because there was no error in AUSA Goldberg's statement, defense counsel was not ineffective for failing to object. *See Brownlee v. Haley,* 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise non-meritorious issue); *Meeks v. Moore*, 216 F.3d 951, 961 (11th Cir. 2000) (counsel not ineffective for failing to make meritless motion for change of venue); *Jackson v. Herring*, 42 F.3d 1350, 1359 (11th Cir. 1995) (counsel need not pursue constitutional claims which he reasonably believes to be of questionable merit); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (no ineffective assistance of counsel for failing to preserve or argue meritless issue).

Defendant also claims that his PSR shows "duplicate case numbers and points added for this duplication." Error in the PSR should have been raised before the district court or on appeal. See *Bousley, supra; Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994)(recognizing that a ground is "available" on direct appeal when "its merits can be reviewed without further factual development"). Even if the procedural bar could be defeated, defendant has failed to provide any specifics in support of his claim, and this court's review of the PSR finds that his assertion is without merit. No criminal history points were assessed for cases where there was no intervening arrest. Criminal history points were assessed as follows:

>Saline County, Missouri Circuit Court
>Dkt. CR962-414FX (3 points)
>
>Boone County, Missouri Circuit Court
>Dkt. CR194-041388F (3 points)
>
>Butler County, Missouri
>Dkt. CR396991FX (3 points)
>
>Bay County, Florida County Court
>Dkt. 96-7268-MMMW (2 points)
>
>Bay County, Florida Circuit Court
>Dkt. 98-1770-CFMA (2 points)

*Case No: 5:05cr16/MCR; 5:07cv14/MCR/MD*

       Bay County, Florida Circuit Court
       Dkt. 02-2463-CFMA (3 points)

       Bay County, Florida Circuit Court
       Dkt. 02-2480-CFMA (0 points)

       Bay County, Florida County Court
       Dkt. 02-9835-MMMW (3 points)

       Bay County, Florida County Court
       Dkt. 03-567-MMMW (2 points)

       Bay County, Florida County Court
       Dkt. 03-1316-MMMW (0 points)

       Bay County, Florida County Court
       Dkt. 03-11631-MMMW (0 points)

These convictions, none of which is repeated, provided a subtotal of 21 criminal history points, well in excess of the 13 needed to assign a criminal history category of VI.  There is no factual or legal basis for any assertion that the defendant's criminal history category was improperly calculated, if in fact that is what defendant intended to suggest.

     Defendant's complaint that because of his state incarceration he was not afforded the "privilege" of being allowed to self-surrender is also not cognizable on § 2255 review. While he is understandably disappointed in the fact that his state incarceration brought additional negative consequences upon him, his disappointment does not provide a legal basis for collateral relief.

     Finally, in his reply brief he appears to assert that he should be treated leniently because of his diagnosed bipolar disorder, and because he never disputed that he did wrong, continually apologized for his erroneous thinking and actions, and only wants to correct the wrong he did to the victim purchaser of the stolen firetruck.  The court took myriad factors into account in sentencing the defendant.  It noted the "repeated nature of the fraudulent activity" in which defendant had engaged, and the fact that defendant's criminal activity was "of this same nature over and over and over again" culminating in the crime that brought him before the federal court.  (Doc. 35 at 5-6).  It considered whether any departures were appropriate based on the information before it and found that there

were none.  It also considered the policy statements set forth in 18 U.S.C. § 3553(a)(ii). In sum, the sentence imposed by the court was within the advisory guidelines range, it did not exceed the maximum authorized by law, it did not violate the constitution or other laws of the United States, it did not exceed the court's jurisdiction, and it is not otherwise subject to collateral attack.  Therefore, defendant is not entitled to relief.

Based on the foregoing, it is respectfully RECOMMENDED:

The amended motion to vacate, set aside, or correct sentence (doc. 29)  be DENIED.

At Pensacola, Florida, this 30th day of May, 2007.

/s/ *Miles Davis*
    **MILES DAVIS**
    **UNITED   STATES   MAGISTRATE   JUDGE**


**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).